UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br><br>         v.<br><br>BERNARD FINDLEY,<br>HALITRON, INC.,<br>      Defendants. | Case No.: 3:20-cv-0397 (SRU) |

### PERMANENT INJUNCTION AND FINAL JUDGMENT

This matter came on for trial before a jury and the Honorable Stefan R. Underhill, United States District Judge. On January 17, 2023, after deliberation, the jury returned a verdict in favor of the plaintiff, United States Securities and Exchange Commission, against the defendants, Bernard Findley and Halitron Inc. (collectively "Defendants"), and found Defendants liable for violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5.

On April 25, 2023, Plaintiff filed a motion for final judgment (doc. no. 146). Following oral argument on October 11, 2023, and having considered the full record of the case, the Court entered a ruling (doc. no. 164) granting the motion in part, denying the motion in part, and directing Plaintiff to submit a proposed calculation of prejudgment interest. Having received the parties' briefs, the Court hereby imposes judgment as follows:

I.

Defendants and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this order,

are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. Specifically, the enjoined parties are barred, in the purchase, offer, or sale of any security by the use of any means or instruments of communication in interstate commerce or by the use of the mails, from:

 a. employing any device, scheme, or artifice to defraud;
 b. obtaining money or property by means of any untrue statement of a material factor any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
 c. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

Defendants are jointly and severally liable for disgorgement of $141,000, representing profits gained as a result of the conduct on which they were found liable, together with prejudgment interest thereon in the amount of $50,024.16, for a total of **$191,024.16**. Findley is liable for a civil penalty in the amount of **$250,000**, pursuant to pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants shall satisfy these obligations by making payment(s) to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court, for the benefit of the victims of the

Defendants' fraud. The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. If the SEC determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

III.

Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Findley is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), for a period of four (4) years from entry of this Final Judgment.

IV.

Findley is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, for a period of four (4) years from entry of this Final Judgment.

It is therefore;

ORDERED, ADJUDGED, and DECREED that judgment shall enter for the plaintiff, United States Securities and Exchange Commission, against the defendants, Bernard Findley and Halitron, Inc., in accordance with this Final Judgment as detailed above. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms and distribution of this Judgment. The Clerk is directed to close this case.

Dated at Bridgeport, Connecticut, this 20th day of March 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge